REYNOLDS, PLAINTIFF-APPELLEE, *v.* REYNOLDS, DEFENDANT-APPELLANT.

Ohio Appeals, Fourth District, Ross County.

No. 478. Decided June 12, 1961.

*Mr. Tom Reed*, for appellant.
*Mr. John Street, Jr.*, for appellee.

(GUERNSEY, J., of the Third Appellate District, sitting by designation in the Fourth Appellate District.)

COLLIER, J. The parties will be referred to as the plaintiff and defendant in the same relation they appeared in the lower court. This is a divorce action originally instituted in the Common Pleas Court of Ross County, Case No. 28550, by the plaintiff, Dorothy B. Reynolds against Kenneth L. Reynolds, the defendant. On June 8, 1956, a divorce was granted to the plaintiff and the defendant was ordered to make certain payments for support of the minor children and in addition thereto to make payments on a note and mortgage on the dwelling house located at 92 Limestone Blvd., Rural Heights, Chillicothe, Ohio,

to the Prudential Insurance Company as long as the plaintiff continued to reside in said house.

The record discloses that thereafter the parties were before the court on numerous occasions on matters relating to the payments for the support of the children, rights of visitation by the defendant and rights of occupancy of the dwelling house by the plaintiff. On June 24, 1960, after a hearing, the court made the following order:

"This matter came on for hearing on the motion filed herein for an order modifying the decree of divorce entered herein on June 8, 1956, so as to increase the amount of payments for support of the minor children.

"After hearing the evidence the Court being fully advised in the premises does find that the said decree of divorce gave the plaintiff and the minor children the right to live in the home at 82 Limestone Boulevard, Chillicothe, Ohio, and that defendant is now living in said house preventing the plaintiff and the minor children from doing so. It is therefore ordered that the defendant vacate the premises at 82 Limestone Boulevard, Chillicothe, Ohio, by July 15, 1960, in order that the plaintiff and her minor children may reside in said premises; and that the defendant pay to the plaintiff the sum of Forty-three and no/100 ($43.00) Dollars. If, however, the defendant vacates the said premises by July 1, 1960, then in that event he shall not pay to the plaintiff the said Forty-Three and no/100 ($43.00) Dollars.

It is further ordered that the defendant continue the support payments and the note and mortgage payments as called for by said decree of divorce.

"All of the above subject to further order of the Court."

On November 28, 1960, the defendant filed his petition in the same numbered case, under favor of Section 2325.01, Revised Code.

This statute states the grounds for vacating or modifying final orders, judgments or decrees of the Common Pleas Court after the term of court at which such order was made. The prayer of the petition is for the court to correct and modify its judgment of June 8, 1956, by deleting therefrom the provisions relating to the note and mortgage payments and to correct and modify its judgment of June 24, 1960, by deleting therefrom the

portion relative to possession of the residence property by the plaintiff and note and mortgage payments by the defendant.

On January 13, 1961, the court, after hearing, found in favor of the plaintiff, dismissed the defendant's petition, and on motion of the plaintiff ordered the defendant to pay plaintiff's attorney fees in the sum of $100.00. From this judgment the defendant has appealed to this court on questions of law.

The defendant relies upon paragraph C of Section 2325.01, Revised Code, which provides that a judgment may be vacated or modified after term, "for a mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." Defendant's contentions are, (1) that the trial court was without authority to order the defendant to pay a creditor, the Prudential Insurance Company, who was not a party to the action, (2) that the court was without authority to give possession of the residence property owned by the defendant to the plaintiff four years after the divorce decree and, (3) that the court was without authority to allow the plaintiff attorney's fees four years after the divorce proceeding.

The bill of exceptions includes the evidence taken in the hearing on defendant's petition to vacate and modify the two prior judgments but does not include any of the evidence taken at the previous hearings. Defendant's principal complaint is that the trial court did not have authority to render the judgments or the power to make the orders sought to be vacated. There is no proof of fraud, neglect, mistake or irregularity in obtaining said judgments and orders. It appears that the defendant was present at the previous hearings and no appeal was taken from said judgments and orders herein sought to be vacated.

It is not the purpose of Section 2325.01, Revised Code, to take the place of an appeal. The trial court clearly had jurisdiction of the parties and subject matter and the prior judgments and orders previously rendered in this cause were valid and by lapse of time became absolute and final. The validity of said judgments and orders may not now be challenged in a proceeding; under this statute to vacate or modify said judgments in the absence of proof of one of the grounds designated in Section 2325.01, Revised Code, to vacate or modify a judgment or order made at a prior term of court.

Furthermore, under the provisions of Section 2325.10, Revised Code, the trial court was barred from determining the judgment of June 8, 1956, to be invalid for any irregularity in obtaining same, in proceedings commenced on November 28, 1960, more than three years after the defendant had notice of said judgment.

With respect to the awarding of attorney's fees in the proceedings brought under Section 2325.01, Revised Code, since these proceedings were filed in the same action pertaining to the divorce, we are of the opinion that the trial court had the authority to make an award of expenses to the plaintiff which could include her expenses for attorney's fees. However, we agree with the holding of the Court of Appeals for Summit County in the case of *Keath* v. *Keath*, 78 Ohio App., 547, that this award could not be made directly to her attorney.

It is therefore our judgment that the judgment of the trial court of January 13, 1961, be modified by amending the words "and orders the amount of $100.00 paid to plaintiff's attorney, John Street, Jr.," to read "and orders the amount of $100.00 paid to the plaintiff as expenses for the fees of her attorney, John Street, Jr.," and that, as so modified, the said judgment of the trial court be affirmed.

GUERNSEY and BROWN, JJ., concur.